UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ISAAC KODSI,

     Debtor(s).
_____/

Case No. 13-40134-LMI
Chapter 7

SPN HOLDINGS, LTD.,

     Plaintiff/Counter-Defendant,

v.

BARRY MUKAMAL, as Chapter 7 Trustee
for the bankruptcy estate of Isaac Kodsi;
TERA M. KODSI and NELSON
SLOSBERGAS, P.A,

     Defendants/Counter-Plaintiffs.
_____/

Adv. Pro. No. _____

Removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida,
Case No. 13-037643-CA-01

## NOTICE OF REMOVAL

Barry E. Mukamal, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate (the *"Estate"*) of ISAAC KODSI (the *"Debtor"* or *"Mr. Kodsi"*), pursuant to 28 U.S.C. §§ 1441 and 1452, and Federal Rule of Bankruptcy Procedure 9027, files this Notice of Removal of *SPN Holdings, Ltd. v. Isaac Kodsi, et al*, Case No. 13-037643-CA-01 (the *"State Court Action"*), pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the *"State Court"*), to the United Stated Bankruptcy Court for the Southern District of Florida (the *"Bankruptcy Court"*), and in support states:

1

## BACKGROUND

1. On December 20, 2013 (the *"Petition Date"*), petitioning creditors LAE NYY, LLC, Russel Pergament, and First Southern Bank filed an involuntary petition for relief under the Bankruptcy Code against the Debtor, Case No. 13-40134-LMI (the *"Bankruptcy Case"*). [Bankruptcy Case, ECF No. 1]

2. On March 28, 2014, the Court entered the Order for Relief in Involuntary Case and Order Setting Deadline for Filing Schedules, Statements and Other Documents (the *"Order for Relief"*) [Bankruptcy Case, ECF No. 28].

3. Pursuant to the Order for Relief, Mr. Kodsi is a Debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

4. The Trustee is the duly appointed and authorized trustee of the Debtor's chapter 7 bankruptcy estate.

5. The State Court Action centers on the entitlement to $1,375,000 being held in escrow following a real property transaction for the sale of the Debtor and Tera Kodsi's homestead, which sale ultimately never closed.

6. A copy of all process, pleadings, and other papers filed in the State Court Action is attached as **Composite Exhibit A**.

7. On July 14, 2014, the Bankruptcy Court entered an Agreed Order Sustaining in Part Objection to Debtor's Claim of Exemption Regarding a Cause of Action [Bankruptcy Case, ECF No. 165] (the *"Exemption Order"*). Pursuant to the Exemption Order, the interest of the Debtor and Tera Kodsi in the State Court Action is property of the bankruptcy estate, and shall be administered by the Trustee.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

8. On August 19, 2014, the Bankruptcy Court entered an Order Granting Motion of SPN Holdings, Ltd. for Stay Relief to Allow Parties to Adjudicate Rights to Prepetition Deposit Held in Escrow [Bankruptcy Case, ECF No. 236] (the **"Stay Relief Order"**).

9. On August 20, 2014, SPN filed its proof of claim, attaching a copy of the State Court Action complaint, and asserting an indebtedness for $1,375,000 for breach of contract [Bankruptcy Case, Claim No. 17] (the **"Proof of Claim"**).

## PROCEDURE

10. The procedure for removal of the State Court Action to this Court is outlined by 28 U.S.C. §§ 1441 and 1452, Federal Rule of Bankruptcy Procedure 9027, and Southern District of Florida Local Rule 87.2 (the District Court's General Order of Reference), which provides that all notices of removal pursuant to 28 U.S.C. § 1452(a) shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where the civil action is pending and that the removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court.

11. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2)(B), the period for filing a Notice of Removal of a civil action commenced before the filing of a bankruptcy petition is thirty (30) days after the entry of an order terminating the stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code. Here, this Removal Notice is being filed within 30 days of the Stay Relief Order. Accordingly, this Notice of Removal is timely filed.

## JURISDICTION

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and §1452, and the District Court's General Order of Reference, all of which collectively state that

the District Court has original jurisdiction over all matters "arising in" or "related to" cases under Title 11 of the United States Code (the "**Bankruptcy Code**") and provide for the reference of these matters to this Court.

13. Section 1452 of Title 28 provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if it has jurisdiction pursuant to Section 1334 of Title 28. In turn, Section 1334(b) of Title 28 provides that a bankruptcy court's jurisdiction extends to those civil proceedings that "arise under," "arise in," or are "related to" a case filed under Bankruptcy Code. Because the State Court Action "arises in" or is "related to" a case filed under the Bankruptcy Code, as further described below, it is properly before this Court.

14. In addition, the District Court has an independent jurisdictional basis pursuant to 28 U.S.C. § 1332(a)(2) because: SPN Holdings, LTD., is a British Virgin Islands entity; all of the defendants/counter-plaintiffs are citizens of the United States of America; and, the amount in controversy exceeds $75,000.00.

15. First, the State Court Action "arises in" the Bankruptcy Case because, as set forth in the Proof of Claim, the State Court Action *is the subject* of the Proof of Claim. However, to the extent that the State Court Action could be determined not to arise in the Bankruptcy Case, it is certainly related to it.

16. The Eleventh Circuit, in the seminal *In re Lemco Gyspum, Inc.,* 910 F.2d 784 (11th Cir. 1990) decision, adopted the Third Circuit's test for determining whether a civil proceeding is sufficiently "related to" a bankruptcy to confer federal jurisdiction to the district court:

> 'The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding ***could conceivably have an effect on the estates being administered in bankruptcy. The proceeding need not necessarily be***

4

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

> *against the debtor or against the debtor's property.* An action is *related to* bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and *which in any way impacts upon the handling and administration of the bankrupt estate.'* We join the majority of the circuits that have adopted the Pacor formulation.

*Id*. at 788; *quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis added).[1] Further, the Eleventh Circuit has extended the *Pacor* test to provide that a bankruptcy court may exercise subject matter jurisdiction over a dispute provided that some nexus exists between the civil proceeding and the bankruptcy case. *In re Munford, Inc.,* 97 F.3d 449 (11th Cir. 1996), citing *In re Lemco Gypsum, Inc., infra.*

17. Among other things, this proceeding will result in an adjudication of the Debtor's interest in an escrow deposit. The case is also fully determined by adjudicating SPN's Proof of Claim. Because this case will have a significant effect on the bankruptcy estate, removal is proper.

## CORE AND NON-CORE PROCEEDINGS

18. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B),(C) and (O).

19. The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court. The Plaintiff's claim in the State Court Action is an adjudication of the subject matter of the Proof of Claim, and thus is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Moreover, the State Court Action counterclaim is a "counterclaim[] by the estate against persons filing claims

---

[1] The Eleventh Circuit further notes, citing *In re Fietz*, 852 F. 2d 455, 457 (9th Cir. 1988), that the Fourth, Fifth, Eighth and Ninth Circuits have adopted the *Pacor* test without modification. *See In re Fietz*, 852 F. 2d at 457; *In re Wood*, 825 F. 2d 90, 93 (5th Cir. 1987); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc.* (*in re Dogpatch U.S.A., Inc.*), 810 F. 2d 782, 786 (8th Cir. 1987); *A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.),* 788 F. 2d 994, 1002 n. 11 (4th Cir.) *cert. denied* 479 U.S. 876 (1986).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

against the estate." 28 U.S.C. § 157(b)(2)(C). Both the direct claim and the counterclaim will affect the liquidation of the assets of the estate, and are thus core under 28 U.S.C. § 157(b)(2)(O)

20. In addition to being statutorily core, the claims are also constitutionally core. That is, they are not "'*Stern* claims,' i.e., claims designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2167 (2014). Instead, both the direct claim and the counterclaim, are "'disposed of in passing on objections' to [the] proof of claim." *Stern v. Marshall*, 131 S. Ct. 2594, 2617 (2011) (quoting *Katchen v. Landy*, 382 U.S. 323, 333, n. 9 (1966)). Thus, pursuant to *Katchen,* as reiterated in *Stern*, both claims are constitutional core.

## VENUE

21. Pursuant to 28 U.S.C. §1452, Bankruptcy Rule 9027, and the General Order of Reference, the Trustee must remove this action to the Bankruptcy Court for the district where the civil action is pending. *See In re S & K Air Power of Florida, Inc.,* 166 B.R. 193 (Bankr. S.D. Fla. 1994). Here, because the State Court Action originated in Miami-Dade County, Florida, which is the same district and division within which the United States Bankruptcy Court for the Southern District of Florida is located, this is the proper Court to receive this removal.

22. As required by Bankruptcy Rule 9027(b), written notice of the filing of this Notice of Removal is being served to all parties of interest, and a copy of this Notice of Removal is being filed this day with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

## **CONCLUSION**

23.     For the reasons stated herein, the Trustee requests that the Bankruptcy Court accept jurisdiction of the State Court Action pursuant to this Notice of Removal.

Dated: September 11, 2014.

s/ Lawrence E. Pecan, III
Daniel N. Gonzalez, Esquire
Florida Bar No. 592749
dgonzalez@melandrussin.com
Lawrence E. Pecan, III, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Chapter 7 Trustee*
